# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ NEW YORK _____

STEVEN RODNEY

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

CITY OF NEW YORK, POLICE OFFICER JOHN VIRGILGREEN and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS,

**08 CV 03364**

TO: (Name and address of defendant)

Corporation Counsel
100 Church street
New York, New York 10007

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

DARMIN T. BACHU ESQ
BACHU & ASSOCIATES
127-21 LIBERTY AVENUE
RICHMOND HILL, NY 11419

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**                                    APR 0 4 2008

_____                        _____
CLERK                                                    DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
STEVEN RODNEY,                                    **COMPLAINT**

                Plaintiff,          CIVIL ACTION NO.: 08 CV 03364

   -against-

CITY OF NEW YORK, POLICE OFFICER JOHN
VIRGILGREEN and UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS, EMPLOYEES AND
AGENTS,                                           **JURY TRIAL DEMANDED**

                Defendants.
----------------------------------------X

    The plaintiff, complaining of the defendants, by his attorney, DARMIN T. BACHU, ESQ., of BACHU & ASSOCIATES, respectfully shows to this Court and alleges:

**JURISDICTION**

1.   Jurisdiction is founded upon the existence of a Federal Question.

2.   This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3.   Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to

Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4.  That venue is proper pursuant to 28 U.S.C. § 1391 (b) (1&2).

5.  The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.  That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

**PARTIES**

7.  The plaintiff is an Black Male and is a resident of the United States and of the County of Queens, State of New York.

8.  Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.  Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICER JOHN VIRGILGREEN and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS were employed by the defendant, NYC, as police officers in New York City, New York.

11. The NYPD is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, NYC, is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants, alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State and the City of New York, and under the authority of their office as police officers.

**PENDENT STATE CLAIMS**

14. That Notice of the Plaintiff's claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, NYC, on or about December 14, 2007.

15. No 50-H hearing was requested and conducted as to Plaintiff.

16. That more than thirty days have elapsed since the Notices of Claim and Intention to Sue have been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

17. That this action is commenced within one year and ninety days after the causes of action arose.

18. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

### STATEMENT OF FACTS

19. The plaintiff was unlawfully seized, arrested and assaulted by the defendants on October 10, 2007 at about 12:00 AM going into the morning of October 11, 2007 inside his residence at 128-20 145th Street, Jamaica, New York. At this time, the defendants unlawfully entered plaintiff's home, unlawfully arrested, assaulted, searched and imprisoned the plaintiff. The plaintiff was brought to the 113th precinct and then to Central Booking in Queens, New York. Plaintiff was released on October 11, 2007 later in the day without being charged with a crime.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

21. That the plaintiff's rights have been violated under the Fourth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff was unlawfully seized, detained, assaulted, arrested, imprisoned, searched as to both his person and his property and had his rights to privacy violated.

22. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's rights: to be secure in his person, papers, and effects against unreasonable searches and seizures; to be free of the unreasonable use of force; not to be deprived of life, liberty, and property without due process of law; to be informed of the nature and cause of the accusation against him/her as secured to him/her under the Fourteenth Amendment of the Constitution of the United States; to humane conditions of confinement and treatment during his detention; and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

23. That the said detention, arrest, assault and imprisonment were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of

the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

24. That the defendant individual police officers conspired together to violate plaintiff's rights in that the individual officers acted in concert to unlawfully violate plaintiff's rights. Said conspiracy included the overt acts of falsely detaining, arresting, imprisoning and searching the plaintiff.

25. That the defendants intended to confine the Plaintiff; in that the plaintiff was conscious of the confinement; Plaintiff did not consent to the confinement; and, that the confinement was not otherwise privileged.

26. That by reason of the unlawful conspiracy, assault, false arrest, imprisonment and detention of the plaintiff, and other violations of plaintiff's rights, plaintiff was prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer pain in both mind and body.

27. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

29. That on or about the above dates and times, the defendants

assaulted Plaintiff; used force to arrest Plaintiff; falsely arrested, imprisoned, detained Plaintiff; libeled and slandered Plaintiff; abused process against the Plaintiff; intentionally inflicted emotional distress upon the Plaintiff; invaded plaintiff's privacy; conspired against the Plaintiff; denied plaintiff his liberty under the laws and Constitution of the State of New York; trespassed against Plaintiff; and otherwise violated plaintiff's rights under the law.

30. That by reason of the aforesaid committed by the defendants, their agents, servants and employees, acting within the scope of their employment and authority, and without probable or reasonable cause, the plaintiff's rights were violated under New York State common, statutory and constitutional law and Plaintiff suffered physical and emotional injury, and that he was otherwise damaged. The defendant NYC is vicariously liable for the conduct of its employees.

31. That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

33. That the defendant, NYC was negligent, careless and reckless

in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified police officers, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants, in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above named defendants' background and in that they hired and retained as employees of the department individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees; also in that the defendant, NYC, failed to train their employees in the determination of probable cause to arrest; in the proper method of restraining a suspect; in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers.

34. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the Plaintiff.

35. That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

37. That the defendants, their agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful police officer would have used under similar circumstances in that they carelessly, recklessly and negligently seized the Plaintiff and arrested the Plaintiff without making a proper investigation, in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the arrest of the Plaintiff, that the defendants their agents, servants and employees negligently, carelessly and recklessly without provocation and with force against the plaintiff interfered with plaintiff's rights of free movement; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

38. That the aforesaid occurrences and the resulting injuries to mind and body were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the Plaintiff.

39. That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

41. Defendants NYC and UNIDENTIFIED POLICE OFFICERS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under 42 U.S.C. § 1983, failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above mentioned conduct and allowing for the continuation of the case in criminal court.

42. Defendants, NYC and UNIDENTIFIED POLICE OFFICERS, who were supervisors, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct. The defendants have also intentionally or recklessly enforced the narcotics law in a discriminatory manner against non-whites.

43. Defendants as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police

officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful conduct.

44. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants NYC and UNIDENTIFIED POLICE OFFICERS, have not taken any steps nor made any efforts to halt this course of conduct, to make redress to the Plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

45. That by reason of the aforesaid, the Plaintiff suffered injuries and that he was otherwise damaged.

46. That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the First Cause Of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Third Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Fourth Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Fifth Cause of Action; and reasonable attorneys' fees; together with

costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:   April 1, 2008
         Queens, New York

DARMIN T BACHU (DB-5392)
BACHU & ASSOCIATES
Attorney for Plaintiff
127-21 LIBERTY AVENUE
Richmond Hill, NY 11419
(718) 484 6464