


THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN FRANCOLLA**
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

May 1, 2008

**BY HAND DELIVERY**
Honorable Deborah A. Batts
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2510
New York, New York 10007-1312



      Re: <u>Steven Rodney v. The City of New York, et al.</u>,
         08 CV 03364 (DAB)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of the City of New York. In that capacity, I write with the consent of plaintiff's counsel, Darmin Bachu, Esq., to respectfully request a sixty-day enlargement of time, from May 1, 2008 until July 1, 2008, within which City defendant may answer or otherwise respond to the complaint. This is the first request for an enlargement of time.

[Handwritten: DAB/ GRANTED May 6, 2008]

      The complaint alleges that plaintiff was falsely arrested/imprisoned on October 10, 2007, and assaulted. In addition to the City of New York, plaintiff names New York City Police Officer Virgilgreen and several unidentified New York City police officers as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this Office to forward to plaintiff for execution an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrest and prosecution of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. In addition, because plaintiff is claiming physical and/or psychological injuries, an enlargement of time will allow us to forward a medical release to plaintiff so that we can secure the relevant medical records. City defendant cannot obtain these records without these authorizations, and without the records, City defendant cannot properly assess this case or respond to the complaint. Accordingly, City defendant requires this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.



Moreover, we must ascertain whether Officer Virgilgreen has been served with the summons and complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent Officer Virgilgreen. Officer Virgilgreen must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864 -65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain Officer Virgilgreen's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Darmin Bachu, Esq. (By fax)
Attorney for Plaintiff
Bachu & Associates
127-21 Liberty Avenue
South Richmond Hill, NY 11419
*Fax*: 718-843-2192

SO ORDERED

Deborah A. Batts
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

---

[1] Upon information and belief, Officer Virgilgreen has not been served been served with a copy of the summons and complaint or requested legal representation from the Office of the Corporation Counsel, and therefore is not a defendant in this action. Without making any representations on his behalf, assuming service was properly effected, it is respectfully requested that Officer Virgilgreen's time to respond to the complaint be similarly enlarged so that his defenses are not jeopardized while representational issues are being decided.