UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEVEN RODNEY,

                                  Plaintiff,

                -against-

CITY OF NEW YORK, POLICE OFFICER JOHN
VIRGILGREEN AND UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS, EMPLOYEES AND
AGENTS,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANT CITY OF NEW
YORK**

08 CV 3364 (DAB)

JURY TRIAL DEMANDED

        Defendant City of New York,[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction and bring this action as stated therein.

---

[1] According to the docket sheet, the individual identified in the caption of the Complaint as Police Officer John Virgilgreen has not been served with a copy of the summons and Complaint. Moreover, upon information and belief, Police Officer Virgilgreen has not requested legal representation from the Office of the Corporation Counsel.

4.    Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

5.    Denies the allegations set forth in paragraph "5" of the Complaint.

6.    Denies the allegations set forth in paragraph "6" of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.    Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

9.    Denies the allegations set forth in paragraph "9" of the Complaint, except admits that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

10.    Denies the allegations set forth in paragraph "10" of the Complaint, except admits that Police Officer Virgilgreen was employed by the City of New York as a Police Officer in October 2007, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the unidentified officers.

11.    Denies the allegations set forth in paragraph "11" of the Complaint, except admits that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

12.    Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

- 2 -

13. Denies the allegations set forth in paragraph "13" of the Complaint, and states that the allegations concerning acting "under the color and pretense" of state law set forth conclusions of law rather than averments of fact to which no response is required.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that a document purporting to be a Notice of Claim on behalf of Steven Rodney was received by the Office of the Comptroller on or about December 6, 2007.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that no payments have been made on the purported claims.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that the Complaint was filed with the Court on or about April 4, 2008.

18. Paragraph "18" of the Complaint sets forth conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, defendant denies.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what, if any, Precinct plaintiff was taken to, whether plaintiff was transported to Central Booking, at what time and when plaintiff was released, the disposition of any criminal charges, and admits that plaintiff was arrested on October 11, 2007.

20. In response to the allegations set forth in paragraph "20" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "19" of this answer as if fully set forth herein.

21.    Denies the allegations set forth in paragraph "21" of the Complaint.

22.    Denies the allegations set forth in paragraph "22" of the Complaint.

23.    Denies the allegations set forth in paragraph "23" of the Complaint.

24.    Denies the allegations set forth in paragraph "24" of the Complaint.

25.    Denies the allegations set forth in paragraph "25" of the Complaint.

26.    Denies the allegations set forth in paragraph "26" of the Complaint.

27.    Denies the allegations set forth in paragraph "27" of the Complaint.

28.    In response to the allegations set forth in paragraph "28" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29.    Denies the allegations set forth in paragraph "29" of the Complaint.

30.    Denies the allegations set forth in paragraph "30" of the Complaint.

31.    Denies the allegations set forth in paragraph "31" of the Complaint.

32.    In response to the allegations set forth in paragraph "32" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33.    Denies the allegations set forth in paragraph "33" of the Complaint.

34.    Denies the allegations set forth in paragraph "34" of the Complaint.

35.    Denies the allegations set forth in paragraph "35" of the Complaint.

36.    In response to the allegations set forth in paragraph "36" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "35" of this answer as if fully set forth herein.

37.    Denies the allegations set forth in paragraph "37" of the Complaint.

38.    Denies the allegations set forth in paragraph "38" of the Complaint.

39.    Denies the allegations set forth in paragraph "39" of the Complaint.

40.    In response to the allegations set forth in paragraph "40" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "39" of this answer as if fully set forth herein.

41.    Denies the allegations set forth in paragraph "41" of the Complaint.

42.    Denies the allegations set forth in paragraph "42" of the Complaint.

43.    Denies the allegations set forth in paragraph "43" of the Complaint.

44.    Denies the allegations set forth in paragraph "44" of the Complaint.

45.    Denies the allegations set forth in paragraph "45" of the Complaint.

46.    Denies the allegations set forth in paragraph "46" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

47.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

48.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

49.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

50.    Plaintiff provoked any incident.

- 5 -

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

51.    Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

52.    At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion.  As such, defendant City is entitled to governmental immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

53.    This action may be barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

54.    Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

55.    To the extent the Complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

56.    There was probable cause for plaintiff's arrest and prosecution.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

57.    The actions of any police officer involved were justified by probable cause and/or reasonable suspicion.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              July 1, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendant City of New York
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-0988

                              By:       _____

                                        Brian Francolla
                                        Assistant Corporation Counsel

To:    Darmin Bachu, Esq. (By ECF and mail)
       Attorney for Plaintiff
       Bachu & Associates
       127-21 Liberty Avenue
       South Richmond Hill, NY 11419

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

   I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on July 1, 2008, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK** upon the following attorney for plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiff at the address set forth below, being the address designated by said attorney for plaintiff for that purpose:

   Darmin Bachu, Esq.
   Attorney for Plaintiff
   Bachu & Associates
   127-21 Liberty Avenue
   South Richmond Hill, NY 11419

Dated: New York, New York
   July 1, 2008

             Brian Francolla
             Assistant Corporation Counsel

08 CV 3364 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN RODNEY,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK, POLICE OFFICER JOHN
VIRGILGREEN AND UNIDENTIFIED NEW
YORK CITY POLICE OFFICERS, EMPLOYEES
AND AGENTS,

                                    Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF
DEFENDANT CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Brian Francolla*
*Tel: (212) 788-0988*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................... ,2008*

*................................................................... Esq.*

*Attorney for ......................................................*